# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50033 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Germano vs. Winnebago County et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is denied in part and granted in part. Defendants Chapman and Meyers are hereby dismissed as defendants.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | JUL 18 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 7-17-01 date mailed notice |
| /LC | courtroom deputy's initials | 2001 JUL 17 PM 3:22 Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, John Germano, has filed a single-count first-amended complaint on behalf of himself and a class of similarly situated individuals against Winnebago County ("County"), Steven M. Chapman in his representative capacity as the Winnebago County Administrator, and Richard A. Meyers in his representative capacity as the Winnebago County Sheriff. The complaint alleges claims based on procedural and substantive due process under the Fourteenth Amendment and 42 U.S.C. § 1983. Before the court is defendants' motion to dismiss for lack of jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1), (6).

Under Illinois law, any group accident and health insurance policy offered to "deputies employed by a municipality" must provide "for the election of continued group insurance coverage" to retired deputies as well. See 215 ILL. COMP. STAT. 5/367h. The "deputy's continuance privilege," as it is called, also generally requires that the premium charged to retired deputies who choose to elect the "continued group insurance coverage" must be the same as non-retired deputies receiving equivalent coverage under the group policy. Id. Germano (along with his proposed class members) is a retired deputy of the County entitled to the continuance privilege who claims that the County violated the statute by charging retired deputies "health coverage rates in excess of those charged to deputies currently employed...." (Am. Compl. ¶ 6) In his complaint, Germano alleges this is a violation of both procedural and substantive due process; in his response brief, he additionally argues this is an impermissible taking under the Fifth Amendment and a potential equal protection violation.

Although Germano fails to assert the basis of the court's jurisdiction as required by Rule 8(a), it is clear from the face of the complaint that the court has proper jurisdiction under 28 U.S.C. § 1331. Defendants' motion under Rule 12(b)(1) is therefore denied with Germano to file an amended complaint under Rule 15 to cure this deficiency.

As for Chapman and Meyers, Germano admits in his response brief that it is the County, and only the County (more specifically, the County Board) – not Chapman or Meyers or the Sheriff's office – which has the authority under Illinois law to increase the insurance rates of the retired deputies. Likewise, Chapman and Meyers are powerless to reverse the County's decision. Although Chapman and Meyers may be responsible for administering the County's policies, Germano's action is in all relevant aspects against the County alone. Chapman and Meyers are accordingly dismissed as defendants.

Turning to the substance of the motion to dismiss, the court finds Germano has sufficiently alleged a procedural due process claim. The County concedes, and the court agrees, that the "deputy's continuance privilege" statute arguably confers upon retired deputies such as Germano a protectable property interest in continued group insurance coverage at the same rates as non-retired deputies. See Mathews v. Eldridge, 424 U.S. 319, 332 (1976); Youakim v. McDonald, 71 F.3d 1274, 1288 (7th Cir. 1995), cert. denied, 518 U.S. 1028 (1996). The County also tacitly admits in its reply brief, though Germano does not make this clear in his complaint, that Germano was not given notice or a pre-deprivation hearing when the County decided to increase the rates for retired deputies. And, despite the County's cursory argument to the contrary, this case seems to fall easily within the general rule requiring such a pre-deprivation hearing as it does not involve exigent circumstances or random and unforeseen events. See Siebert v. Severino, No. 00-2654, 2001 WL 755419, at *7-8 (7th Cir. July 6, 2001). Similarly, because this does not appear to be a case involving "random and unauthorized" conduct, the County's suggestion that Germano must pursue state law post-deprivation remedies for his procedural due process claim is misplaced. Cf. Hudson v. Palmer, 486 U.S. 517, 533 (1984). The facts alleged by Germano may also give rise to an equal protection claim. As he does not suggest this case involves any sort of suspect class or fundamental right, proving the County treated retired deputies less favorably than non-retired deputies will require Germano to overcome the highly deferential rational basis review. See Smith v. Severn, 129 F.3d 419, 429 (7th Cir. 1997). In this vein, Germano's argument that the County acted arbitrarily when it increased the health insurance rates for retired deputies in direct contravention of the Illinois statute is sufficient to survive a motion to dismiss.

In contrast, Germano has not sufficiently stated a substantive due process claim. Because the entire basis of this claim is nothing more than a violation of Illinois law – i.e., a deprivation of a state-created property interest – Germano has failed to adequately allege the violation of another substantive constitutional right and, consequently, may not rely on a substantive due process theory. See, e.g., Wudtke v. Davel, 128 F.3d 1057, 1062 (7th Cir. 1997). Nor has Germano satisfied the requirements of a takings claim under the Fifth Amendment. As noted above, the "deputy's continuance privilege" law arguably confers upon Germano and the other retired deputies a protectable property interest in health insurance coverage at the same rate as non-retired deputies. However, even assuming the County's decision to increase the rate charged to retired deputies amounts to a Fifth Amendment "taking," Germano has failed to meet the exhaustion requirement applicable to takings claims. Germano does allege generally he has exhausted "all remedies available to him." (Am. Compl. ¶ 7) But he then goes on to describe how he appealed to the County Board to reverse its decision and the County refused to do so. He then claims "[t]here is no other state or administrative remedy available to Plaintiff...." (Id.) Thus, even a liberal reading of Germano's complaint indicates the only remedy Germano in fact sought was to write a letter to the County Board. This in no way satisfies the exhaustion requirement. The court sees no reason, and Germano offers no explanation of his own, why he could not seek "just compensation" from the County in state court. See, e.g., Forseth v. Village of Sussex, 199 F.3d 363, 373 (7th Cir. 2000). If Germano does so (and exhausts any other state remedies) and is denied "just compensation" for the alleged taking, then he can bring his takings claim in federal court.

For the reasons stated above, defendants' motion to dismiss is denied in part and granted in part. To the extent Germano alleges a taking under the Fifth Amendment or a substantive due process violation, those claims are hereby dismissed. Chapman and Meyers are also dismissed as defendants.