# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50033 | **DATE** | 7/1/2004 |
| **CASE TITLE** | GERMANO vs. WINNEBAGO COUNTY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and plaintiff's motion for partial summary judgment is denied. State law claims are dismissed for lack of subject matter jurisdiction without prejudice to being filed in state court.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 7-2-04 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| /SEC | courtroom deputy's initials | 2004 JUL -1 PH 3:54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, John Germano, individually and as a class representative, brings this action against defendant, Winnebago County, under 42 U.S.C. § 1983 alleging deprivation of a property interest without due process of law in violation of the Fourteenth Amendment to the United States Constitution. Jurisdiction is proper under 28 U.S.C. § 1331. Plaintiff is retired as a deputy sheriff from defendant. He maintains continued group health insurance through defendant. Prior to January 1, 2000, the base rate for determining premiums to be paid was the same for employed deputies and retired deputies. After that date, defendant required retired deputies, and their eligible dependents, over the age of 65 who elect continued health care coverage to migrate to a purchased insurance policy which results in them paying a higher premium for health care coverage than currently employed deputies. Defendant also required retirees prior to age 65 to pay greater amounts for the defendant's Health Benefit Plan or group health insurance coverage than non-retired deputies and charged retired deputies under age 65 at a different premium rate than charged non-retired deputies. Plaintiff maintains this violates Illinois law, 215 ILCS 5/367h, and that in establishing this premium differential defendant deprived plaintiff of due process of law. Defendant concedes that requiring retired employees over 65 to migrate to a separate health insurance plan is contrary to 215 ILCS 5/367h but argues no procedural due process violation because adequate post deprivation remedies are available. Plaintiff moves for partial summary judgment and defendant moves for summary judgment. Plaintiff also moved to strike paragraph 10 of defendant's LR 56.1 (a). Defendant agreed to voluntarily strike paragraph 10 and, therefore, it is stricken.

Under Illinois law, any group accident and health insurance policy offered to "deputies employed by a municipality" must provide "for the election of continued group insurance coverage" to retired deputies as well. See 215 ILCS 5/367h. The "deputy's continuance privilege," as it is called, also generally requires that the premium charged to retired deputies who choose to elect the "continued group insurance coverage" must be the same as non-retired deputies receiving equivalent coverage under the group policy. Id.

Generally, "[f]ailure to implement state law violates that state law, not the Constitution; the remedy lies in state court." Civil Liberties for Urban Believers v. City of Chicago, 343 F.3d 752, 766 (7th Cir. 2003), cert. denied, __ U.S. __, 2004 WL 759441 (June 7, 2004). Plaintiff's argument is that the defendant deprived him of something to which he was statutorily entitled. However, plaintiff is not arguing that if defendant had simply followed the appropriate process, notice and a pre-deprivation hearing, that defendant would have acted appropriately. His argument is that defendant lacked the authority to treat him, and the class, differently than the non-retired deputies because state law prohibits such different treatment. This is not a case where a hearing would have revealed that plaintiff had not acted in such a way as to warrant deprivation of a property interest. Plaintiff's actions are not at issue. No process afforded plaintiff would have been sufficient to establish defendant could charge plaintiff rates different than those charged non-retired deputies. This case is a straightforward claim that defendant treated plaintiff in a way that state law prohibits.

Defendant argues that to the extent a deprivation of property occurred it was "random and unauthorized." Plaintiff argues defendant's action could not be "random and unauthorized" since it was action taken by the county board, defendant's ultimate policymaker. However, plaintiff's argument really is that as to the state law, defendant acted in an unauthorized fashion. Plaintiff has previously survived a motion to dismiss in this matter but the court's finding that a claim is properly stated for Fed. R. Civ. P. 12 (b) (6) purposes is not determinative on summary judgment. Civil Liberties, 343 F.3d at 767. This case is similar to Lolling v. Patterson, 966 F.2d 230 (7th Cir. 1992). In Lolling, plaintiff, a deputy sheriff, sued the sheriff and the county for suspending him without pay for more than thirty days in violation of state statute. The court noted that procedural due process claims may be made where the deprivation occurs pursuant to an established state procedure. Id. at 234. The sheriff exercised discretion and authority in disciplining the plaintiff, but that discretion was circumscribed by state law. Id. n.6. The sheriff's acts could not have been predicted or prevented by the state through any additional predisposition safeguards. Id. Likewise, here, the state could not have predicted defendant would violate the statute nor prevented the violation through any additional procedures. Plaintiff's procedural due process claim must fail. His remedy is under state law.

To the extent plaintiff's complaint advances a claim under Illinois law, the court declines to exercise supplemental jurisdiction over the state law claims. See Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, 534 U.S. 824 (2001).

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiff's motion for partial summary judgment is denied. State law claims are dismissed for lack of subject matter jurisdiction without prejudice to being filed in state court.